**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| EZEKIEL J. BOYD JR., | ) CASE NO. 5:25-CV-01544 |
| | ) |
| PLAINTIFF, | ) JUDGE JOHN R. ADAMS |
| | ) |
| vs. | ) |
| | ) **DEFENDANTS' ANSWER TO** |
| SUMMA HEALTH, et al., | ) **PLAINTIFF'S AMENDED COMPLAINT** |
| | ) |
| DEFENDANTS. | ) **JURY DEMAND ENDORSED HEREON** |
| | ) |

Defendants Summa Health ("Summa") and Brian Duman ("Duman") (collectively, the "Defendants"), by and through undersigned counsel, for their Answer to Plaintiff's Amended Complaint (the "Amended Complaint") state as follows[1]:

**PARTIES[2]**

1.      Defendants admit that Plaintiff is an employee of Summa working at Summa Health System – Akron Campus, previously known as Akron City Hospital (the "Akron Campus Hospital"). Defendants deny the remaining allegations contained in Paragraph 1 of the Amended Complaint.

2.      Defendants admit that Summa is a private non-profit corporation operating the Akron Campus Hospital and employs police officers, including police sergeant Duman. Further

---

[1] Defendants expressly reserve the right to respond to the original Complaint in the event the Court determines that the Amended Complaint constitutes a supplemental pleading under Fed. R. Civ. P. 15(d), rather than an amended pleading under Fed. R. Civ. P. 15(a).

[2] Defendants note that the Amended Complaint contains inconsistent and misnumbered paragraphs, including sections that are not clearly labeled. For the convenience of the Court and to facilitate a clear and orderly response, Defendants have mirrored Plaintiff's paragraph numbering and headings as presented in the Amended Complaint.

answering, Defendant admits that it has policies governing employee workplace conduct. Defendants deny the remaining allegations contained in Paragraph 2 of the Amended Complaint.

3.	Defendants admit Duman is employed by Summa as a police officer and that Summa Police Officers are commissioned by the State of Ohio with full police power on Akron Campus Hospital property. Further answering, Defendants admit Duman's badge number is S-14. Defendants deny the remaining allegations contained in Paragraph 3 of the Amended Complaint.

## JURISDICTION AND VENUE

4.	Paragraph 4 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 4 of the Amended Complaint.

5.	Paragraph 5 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants states that this Court has subject matter jurisdiction over the federal claims asserted in the Amended Complaint.

6.	Paragraph 6 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants states that this Court may exercise supplemental jurisdiction over the state claim asserted in the Amended Complaint.

7.	Paragraph 7 of the Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants state that venue is proper.

8.	Defendants acknowledge that Plaintiff filed his Amended Complaint within the time permitted under Federal Rule of Civil Procedure 15(a), to the extent that is what Plaintiff intended to allege. To the extent Paragraph 8 of the Amended Complaint contains incomplete allegations, Defendants deny any implication of wrongdoing and reserve all rights to respond more fully if clarification is provided.

**FACTUAL ALLEGATIONS**

8.      Defendants admit that on March 13, 2025, at or around 12:16 a.m., Duman and Corporal Sands initiated a traffic stop of Plaintiff's vehicle on the Akron Campus Hospital property.

9.      Defendants aver that Plaintiff drove over Summa's pedestrian walking path and sod causing property damage. Defendants aver there was probable cause to arrest Plaintiff as shown by, among other things, the dash cam and surveillance video depicting the events. True and accurate copies of the dashcam video and surveillance video are attached hereto as **Exhibits A and B**.[3] Further answering, Defendants admit Plaintiff was cited for obstruction of official business.  Defendants deny the remaining allegations contained in Paragraph 9 of the Amended Complaint.

10.     Defendants admit that Plaintiff was handcuffed and detained on scene for less than an hour before being released. Defendants deny the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11.     Defendants admit that on or about May 13, 2025, the Akron Assistant Prosecutor voluntarily dismissed the criminal charge of obstructing official business and requested that Duman re-issue a traffic citation for the traffic offenses of reckless operation and operation of a vehicle with an expired registration instead. Defendants deny the remaining allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendants admit that on or about May 25, 2025, Duman conducted a LEADS database search on Plaintiff, which is standard police procedure conducted prior to issuing a new citation.

---

[3] Exhibits A and B are being manually filed.

13.    Defendants admit that on or about June 3, 2025, Duman issued traffic citations for reckless operation and operation of a vehicle with an expired registration to Plaintiff. Defendants deny the remaining allegations contained in Paragraph 13 of the Amended Complaint.

14.    Defendants admit Plaintiff submitted internal complaints concerning Duman in 2022, which were duly investigated and determined to be unsubstantiated. Defendants deny the remaining allegations contained in Paragraph 14 of the Amended Complaint.

15.    Defendants deny the allegations contained in Paragraph 15 of the Amended Complaint.

## RESPONSES TO UNNUMBERED SECTIONS

### "Issue" Section

Defendants deny the allegations contained in the section labeled "Issue" of the Amended Complaint.

### "Rule" Section

The section labeled "Rule" of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the section labeled "Rule" of the Amended Complaint.

### "Conclusion" Section

Defendants deny the allegations contained in the section labeled "Conclusion" of the Amended Complaint.

**Sections labeled "Claims to be added to the Original complaint filed under the 1983 violations," "2 Malicious Prosecution," "3, Deprivation of civil rights (42 U.S.C. 1983)," and "An Legal Assessment /Qualified Immunity"**

The above-referenced sections of the Amended Complaint state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the above-referenced sections of the Amended Complaint.

**CAUSES OF ACTION**

**Count I: Malicious Prosecution Under 42 U.S.C. § 1983 (against Duman)**

16.     Defendants incorporate herein by reference all denials, admissions, allegations, and statements contained in the foregoing paragraphs as if fully restated herein.

17.     Defendants deny the allegations contained in Paragraph 17 of the Amended Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Amended Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Amended Complaint.

**Count II: Malicious Prosecution Under Ohio Law (against Duman)**

22.     Defendants incorporate herein by reference all denials, admissions, allegations, and statements contained in the foregoing paragraphs as if fully restated herein.

23.     Paragraph 23 of the Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendants deny the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

## Count III: Retaliatory Prosecution Under First Amendment (42 U.S.C. § 1983) (against Duman)

26.     Defendants incorporate herein by reference all denials, admissions, allegations, and statements contained in the foregoing paragraphs as if fully restated herein.

27.     Defendants deny the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendants deny the allegations contained in Paragraph 28 of the Amended Complaint.

29.     Defendants deny the allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendants deny the allegations contained in Paragraph 30 of the Amended Complaint.

## Count IV: Monell Liability (against Summa Health)

31.     Defendants incorporate herein by reference all denials, admissions, allegations, and statements contained in the foregoing paragraphs as if fully restated herein.

32.     Defendants deny the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations contained in Paragraph 33 of the Amended Complaint.

34.     Defendants deny the allegations contained in Paragraph 34 of the Amended Complaint.

35.     For the "**PRAYER FOR RELIEF**" and unnumbered paragraph beginning "**WHEREFORE**," Defendants request that the Court deny each and every request sought by Plaintiff.

36.     Defendants deny each and every allegation in the Amended Complaint that is not expressly admitted, qualified or denied.

<u>**AFFIRMATIVE DEFENSES**</u>

While specifically denying any liability to Plaintiff, Defendants assert the following as further and separate affirmative defenses:

1.     The Amended Complaint, or portions thereof, fails to state a claim upon which relief can be granted or upon which the damages sought can be awarded.

2.     The Amended Complaint, or portions thereof, is barred by Plaintiff's own actions.

3.     Plaintiff's claims are barred, in whole or in part, because Defendants have, at all relevant times herein, acted in good faith and based upon reasonable factors in conformity with relevant federal, state, or local laws, rules, regulations, and/or guidelines.

4.     Any loss sustained by Plaintiff was due to his own misconduct.

5.     Plaintiff's claims are barred, in whole or in part, to the extent they are excessive, unreasonable, and not proximately caused by any conduct on the part of Defendants.

6.     Plaintiff is not entitled to costs or reasonable attorneys' fees.

7.     Defendants are not liable for punitive damages.

8.     Plaintiff is not entitled to all or part of the relief he is seeking.

9.     There was probable cause for arrest, detention, and prosecution.

10.     Plaintiff's claims are barred because Summa's actions do not in any way constitute deliberate indifference.

11. Plaintiff's claims are barred because Defendants are entitled to immunity from civil suit, relating to the particular claims alleged in the Amended Complaint.

12. One or more of the Defendants qualifies as a political subdivision under R.C. § 2744.01(F), thus entitling Defendants to the rights, privileges, and immunities conferred under R.C. Chapter 2744.

13. Defendants acted in the lawful exercise of their discretion and, as a result, Defendants are entitled to qualified immunity.

14. Defendants have not violated any clearly established Constitutional or statutory rights that a reasonable person is likely to have known and, therefore, are entitled to qualified immunity.

**<u>RESERVATION OF RIGHTS</u>**

Defendants reserve the right to assert any additional affirmative defenses which may become known during the proceedings in this matter.

**WHEREFORE**, having fully answered, Defendants respectfully request that this Court enter an Order in their favor on each and every cause of action in this proceeding, and award Defendants such other and further relief as may be just and appropriate, including but not limited to an award of its reasonable attorneys' fees, expenses, and costs, together with pre- and post-judgment interest thereon, in connection with the defense of this proceeding.

8

Respectfully submitted,


*/s/ W. Eric Baisden*
W. ERIC BAISDEN (0055763)
MACKENZIE L. RINI (0097504)
**BENESCH, FRIEDLANDER, COPLAN
   & ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  ebaisden@beneschlaw.com
            mrini@beneschlaw.com

*Attorneys for Defendants Summa Health and
Brian Duman*


## JURY DEMAND

Defendants demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal

Rules of Civil Procedure.


*/s/ W. Eric Baisden*
W. ERIC BAISDEN (0055763)

9

**<u>CERTIFICATE OF SERVICE</u>**

The foregoing Answer to Plaintiff's Amended Complaint was filed this 3rd day of October 2025 using the Court's ECF System. All parties of record will receive a copy through the Court's system. A courtesy copy was emailed to Plaintiff at unlvgarysam69@gmail.com.

*/s/ W. Eric Baisden*

*One of the attorneys for Defendants*
*Summa Health and Brian Duman*