**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EZEKIEL J. BOYD JR., | ) | CASE NO. 5:25-CV-01544 |
| | ) | |
| PLAINTIFF, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| SUMMA HEALTH, ET AL. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.      INTRODUCTION**

Plaintiff seeks partial summary judgment on the issue of probable cause, asserting that Sergeant Brian Duman lacked any basis to stop, detain, and arrest him on March 13, 2025. This assertion is contrary to the undisputed record.

Plaintiff's own admissions, the dashcam and surveillance footage referenced in Defendants' Answer, and Plaintiff's subsequent conviction for reckless operation demonstrates that Plaintiff drove his vehicle over a pedestrian walkway and landscaped sod on hospital property. These facts provided ample probable cause for Sergeant Duman's stop and subsequent actions. Accordingly, Plaintiff's motion should be denied.

**II.     STATEMENT OF RELEVANT FACTS**

Defendants incorporate the factual background set forth in their Motion for Judgment on the Pleadings (Doc. 15), but summarize the critical points here. Plaintiff is a current employee of Summa who works at its Akron Campus. (Amended Complaint, Doc. 3 at ¶ 8.) On March 13, 2025, at approximately 12:16 a.m., Summa Health Police Sergeant Duman and Corporal Sands observed Plaintiff driving his vehicle over a pedestrian walkway and landscaped sod on hospital

property. (Answer, Doc. 11 at ¶¶ 8-9.) Plaintiff's conduct was recorded via hospital surveillance cameras and police dashcam, which were submitted to the Court as Exhibits A and B to Defendants' Answer (Doc. 13). These videos show Plaintiff's vehicle traveling across restricted pedestrian areas and landscaped sod. Plaintiff initially failed to stop for the officers, and, upon stopping, refused to exit his vehicle for approximately six minutes despite repeated police commands. Thereafter, he was briefly detained and cited for obstruction of official business. His vehicle was towed due to expired registration.

On May 13, 2025, the Akron Assistant Prosecutor voluntarily dismissed the obstruction charge and requested that Sgt. Duman reissue traffic citations for reckless operation and expired registration—charges more appropriately aligned with the underlying conduct. (Answer, Doc. 11 at ¶ 11.) On June 3, 2025, Plaintiff was formally cited for reckless operation and expired registration. (*Id.*, ¶ 13.) Plaintiff was subsequently found guilty of both offenses. (Doc. 15, Exhibit A).

On October 22, 2025, Plaintiff moved for partial summary judgment, arguing that probable cause was lacking for the initial stop. Defendants oppose Plaintiff's motion and have separately filed for judgment on the pleadings.

## III.    STANDARD OF REVIEW

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).

IV.     **LAW AND ARGUMENT**

    A.     **Probable Cause Existed for the Stop and Detention Based on Plaintiff's Operation of His Vehicle on a Pedestrian Walkway and Landscaped Sod**

Plaintiff argues that Sergeant Duman lacked probable cause to stop him. This argument is contradicted by well-established Fourth Amendment principles. "'Probable cause' to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979). The inquiry is assessed from the perspective of an objectively reasonable officer. *Novak v. City of Parma*, 33 F.4th 296, 305 (6th Cir. 2022).

Probable cause is not a demanding standard. As courts repeatedly observe, it is not a "high bar." *Gowdy v. Univ. Hosps. Cleveland Med. Ctr.*, No. 1:25-CV-0069, 2025 WL 2466257, at *4 (N.D. Ohio Aug. 27, 2025) (citing *Kaley v. United States*, 571 U.S. 320, 338 (2014)). It does not require proof of each element of an offense or evidence sufficient to sustain a conviction. *Adams v. Williams*, 407 U.S. 143, 149 (1972). Rather, it requires only a probability or substantial chance of criminal activity. *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018). Likewise, the Supreme Court has made clear that an automobile stop is reasonable whenever an officer has probable cause to believe that a traffic violation has occurred. *Whren v. United States*, 517 U.S. 806, 810 (1996).

Here, the video evidence plainly shows Plaintiff driving his SUV across a pedestrian walkway and landscaped sod. Plaintiff does not dispute that he was the driver. This conduct constitutes a traffic violation under Ohio law, including reckless operation, for which Plaintiff was ultimately convicted. That conviction, arising from the same conduct observed by Sergeant Duman, further confirms that probable cause existed. The video evidence also substantiates Sergeant Duman's contemporaneous belief that Plaintiff may have committed criminal damaging

by driving over and causing harm to the sod and pedestrian walkway. Based on what he personally observed, a reasonable officer could conclude that Plaintiff had committed at least one criminal or traffic offense.

Nor does it matter that Sergeant Duman referenced "criminal damaging" during the stop. The Fourth Amendment's reasonableness inquiry is objective and does not depend on the officer's subjective motivations or the particular offense he names at the time. As the Supreme Court has emphasized, the officer's subjective reason for making the stop is irrelevant, and a stop is lawful so long as the circumstances objectively establish probable cause for any offense. *Whren*, 517 U.S. at 813; *see also Devenpeck v. Alford*, 543 U.S. 146, 153 (2004) ("Our cases make clear that an arresting officer's state of mind… is irrelevant to the existence of probable cause."). Because the facts known to Sergeant Duman provided probable cause for multiple offenses, Plaintiff's challenge fails as a matter of law.

## V.      CONCLUSION

The undisputed evidence shows ample probable cause for Sergeant Duman's actions. Accordingly, Plaintiff's motion for partial summary judgment should be denied.

Respectfully submitted,

*/s/  W. Eric Baisden*
W. ERIC BAISDEN (0055763)
MACKENZIE L. RINI (0097504)
**BENESCH, FRIEDLANDER, COPLAN &
   ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  ebaisden@beneschlaw.com
              mrini@beneschlaw.com

4

*Attorneys for Defendants Summa Health and
Brian Duman*

## **CERTIFICATE OF SERVICE**

The foregoing was filed this 21st day of November 2025 using the Court's ECF System. All parties of record will receive a copy through the Court's system. A courtesy copy was emailed to Plaintiff at unlvgarysam69@gmail.com.

*/s/ W. Eric Baisden*

*One of the attorneys for Defendants*

5