**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| EZEKIEL J. BOYD, JR., | ) | CASE NO. 5:25-CV-01544-JRA |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | UNITED STATES DISTRICT JUDGE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | CARMEN E. HENDERSON |
| SUMMA HEALTH, BRIAN DUMAN, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants, | ) | |

### I.      Introduction

Pending before the Court are Plaintiff Ezekiel J. Boyd, Jr.'s Motion for partial summary judgment and Defendants Summa Health's and Brian Duman's motion for judgment on the pleadings. (ECF Nos. 14, 15). The motions were referred to the undersigned for preparation of a report and recommendation. (ECF No. 20). For the reasons explained herein, it is recommended that the Court GRANT Defendants' motion, DENY Plaintiff's motion, and DISMISS the claims in the amended complaint.

### II.      Procedural History

On July 24, 2025, Plaintiff filed a *pro se* complaint against his employer, Summa Health, and Brian Duman, a protective services officer also employed by Summa Health, asserting six claims for relief: (1) hostile work environment under Title VII; (2) retaliation under Title VII; (3) race discrimination under 42 U.S.C. § 1981; (4) civil rights violations under 42 U.S.C. § 1983; (5) intentional infliction of emotional distress under Ohio law; and (6) negligent retention and

supervision under Ohio law.  (ECF No. 1-6).  Plaintiff subsequently filed an amended complaint, adding four additional claims to those raised in the initial complaint: (1) malicious prosecution under 42 U.S.C. § 1983 against Duman; (2) malicious prosecution under Ohio law against Duman; (3) retaliatory prosecution in violation of the First Amendment against Duman; and (4) *Monell* liability against Summa Health.  (ECF No. 3).  Defendants filed an answer to the amended complaint on October 3, 2025, "expressly reserv[ing] the right to respond to the original Complaint in the event the Court determines that the Amended Complaint constitutes a supplemental pleading under Fed. R. Civ. P. 15(d), rather than an amended pleading under Fed. R. Civ. P. 15(a)."  (ECF No. 11).  Defendants manually filed two exhibits in support of their answer.  (*See id.* at 3; ECF No. 13).

On October 22, 2024, Plaintiff filed his motion for partial summary judgment on the discrete issue of whether Duman "had probable cause to initiate a traffic stop, detain, and arrest [Plaintiff] on March 13, 2025 for 'Criminal Damaging.'"  (ECF No. 14).  The motion is fully briefed.  (ECF Nos. 14, 17, 19).  One week after Plaintiff filed his motion, Defendants filed their motion for judgment on the pleadings as to the amended complaint, arguing Duman had probable cause for stopping Plaintiff such that his claims cannot survive and Duman is entitled to qualified immunity.  (ECF No. 15).  Defendants' motion is also fully briefed.  (ECF Nos. 15, 16, 18).

### III.    Standards of Review

#### A. Judgment on the Pleadings

Pursuant to Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  "To survive a Rule 12(c) motion, a complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'"  *Franz v. Oxford Cmty. Sch. Dist.*, 132 F.4th 447, 451

2

(6th Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  When a defendant asserts qualified immunity at the pleading stage, a plaintiff must plausibly allege particular facts supporting an inference that the defendant violated plaintiff's constitutional rights.  *Id.*

Generally, courts "may only review the pleadings, any attachments to those pleadings, and documents that are referred to in the complaint and are central to the plaintiff's claim or are matters of public record" in deciding a motion for judgment on the pleadings.  *Saalim v. Walmart, Inc.*, 97 F.4th 995, 1002 (6th Cir. 2024) (citation modified).  However, "where a complaint even implicitly relies on a video," and especially in cases where qualified immunity may apply, courts may consider video footage over the pleadings when the videos are clear and blatantly contradict or utterly discredit the plaintiff's version of events.  *Id.* (citation modified) (citing *Bell v. City of Southfield*, 37 F.4th 362, 364 (6th Cir. 2022)).

### B.  Summary Judgment

> A party may move for summary judgment, identifying each claim or defense—or part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A court "must view the evidence and draw all reasonable inferences in favor of the non-moving party."  *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).  "The inquiry is whether a reasonable jury could return a verdict for the nonmoving party or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 624-25.  For claims under 42 U.S.C. § 1983, a plaintiff must prove that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was caused by a person acting under color of law.  *Id.*

### IV.    Analysis

Although Plaintiff filed his motion for partial summary judgment before Defendants filed

3

their motion for judgment on the pleadings, the undersigned will consider Defendant's motion first.

###### A.  Defendants' Motion for Judgment on the Pleadings

###### 1.  *Relevant Factual Background*

"On March 13, 2025, at approximately 12:16 a.m., Duman initiated a traffic stop of Plaintiff's vehicle on the grounds of Akron City Hospital, 525 East Market Street, Akron, Ohio." (ECF No. 3, PageID #: 38).  "Duman alleged Plaintiff had driven on private grass, constituting criminal damaging." (*Id.*).  Plaintiff was ultimately "handcuffed, detained, and held for an hour or less before release." (*Id.*).

The dashcam video from Duman's vehicle largely confirms these allegations.  (*See* ECF No. 11, Ex. A).  The video shows a vehicle driving over a narrow walkway, with its tires veering off the path and on to the grass.  The vehicle is stopped by officers and the driver is initially told he was stopped based on suspected criminal damaging.  Ultimately, after being handcuffed for approximately forty-five minutes, the driver is released with a summons to appear in court on charges of obstructing official business.

Plaintiff was charged with obstructing official business, but the charge was dismissed on May 13, 2025.  (ECF No. 3, PageID #: 38).  "On May 25, 2025 at 12:26 a.m. [Duman] conducted a Search on the L.E.A.D.s Data base using Plaintiffs Name and Social security Number."  (*Id.*).  "On June 6, 2025, Duman, with knowledge of the prior dismissal, filed a new criminal charge against Plaintiff for reckless operation … based on the same March 13 incident." (*Id.*).  Plaintiff had previously filed four internal harassment complaints against Duman concerning his misconduct at the hospital.  (*Id.*).

In a magistrate's decision dated October 6, 2025, Magistrate Scott A. Newman recommended that Plaintiff be found guilty of violating Ohio Revised Code § 4511.201 because he "operated his vehicle in willful or wanton disregard for the safety of persons or property." (ECF No. 15-1 at 9).[1]  Additionally, Magistrate Newman recommended that Plaintiff be found guilty of violating Ohio Revised Code § 4503.21(A)(1) because plaintiff failed to display a registered license plate on his vehicle. (*Id.*).  On January 12, 2026, Judge Ron Cable adopted the magistrate's decision, found Plaintiff guilty of both violations, and sentenced him to pay a $69.00 fine and court costs. *Ohio v. Boyd*, Case No. 25TR06464 (Akron Mun. Ct. Jan. 12, 2026).

### 2.  Discussion

In the amended complaint,[2] Plaintiff brings malicious prosecution claims under both state and federal law, asserting that "[t]he later charge of reckless operation lacked probable cause and was brought with actual malice." (ECF No. 3, PageID #: 41).  He further alleges that the reckless operation charge was an adverse, retaliatory action linked to his complaints against Duman, and that Summa Health failed to supervise, train, or discipline Duman despite Plaintiff's repeated complaints. (*Id.* at PageID #: 41-42).

Defendants argue that Plaintiff's malicious prosecution claims under both federal and state law fail because "video footage shows Plaintiff driving over a pedestrian walkway and sod, providing probable cause for the initial stop and citations." (ECF No. 15 at PageID #: 111).  To the extent Plaintiff's claims are based on his citations for reckless operation and expired

---

[1] While this document was not attached to the pleadings, the Court may "take judicial notice of matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint." *Elec. Merch. Sys. LLC v. Gaal*, 58 F.4th 877, 883 (6th Cir. 2023).  Thus, the undersigned takes judicial notice of the court filings in the Akron Municipal Court proceedings.

[2] Because Defendants' motion challenges only the amended complaint, the undersigned does not address whether the amended complaint superseded or merely supplemented the original complaint or whether the additional claims in the original complaint remain pending as such is beyond the scope of the current referral.

5

registration, Defendants argue "those claims fail for an additional reason—[Plaintiff] was found guilty of both offenses." (*Id.* at PageID #111-12). Defendants also argue that the existence of probable cause defeats Plaintiff's First Amendment retaliation claim. (*Id.* at PageID #: 112-13). Since a finding that probable cause existed would amount to a conclusion that no constitutional violation occurred, Defendants also argue that Duman is entitled to qualified immunity and Summa Health cannot be liable under *Monell* liability. (*Id.* at PageID #: 113-14). Additionally, Defendants argue Duman is entitled to statutory immunity under Ohio Revised Code § 2744.03 because Plaintiff failed to plead facts supporting that Duman acted with malicious intent. (*Id.*).

In response, Plaintiff presents a variety of arguments that seem to extend beyond the probable cause issue. He first challenges Defendants' assertion that he was "briefly detained" and argues that he was arrested, and Defendants should be sanctioned for this misrepresentation. (ECF No. 16 at 1, 3-6). He next argues there were no signs on the pathway indicating that it was restricted and could not be driven on. (*Id.* at 6-8). Plaintiff argues that the subsequent charges for reckless operation and display of tags cannot retroactively create probable cause for the stop and his conviction on those charges is not final since it is on appeal. (*Id.* at 9). Plaintiff then raises the LEADs search and argues that Defendants' representation that Duman conducted the search based on a prosecutor's request is based on a bare assertion lacking evidence, and the search violated Plaintiff's right to privacy. (*Id.* at 10-15). Plaintiff asserts that Duman had a retaliatory motive for conducting the LEADS search based on the alleged pattern of harassment Plaintiff experienced. (*Id.* at 16-17). Plaintiff argues that his false arrest of criminal damaging absent probable cause justifies denial of qualified immunity to Duman and imposition of *Monell* liability against Summa Health. (*Id.* at 18).

6

Defendants reply that "Plaintiff relies on conclusory allegations, immaterial factual disputes, and arguments that do not preclude judgment under Rule 12(c)." (ECF No. 18 at 1). They argue that whether Plaintiff was arrested or detained is immaterial because the dispositive issue is whether probable cause existed for the stop and citations, and the video evidence establishes that Plaintiff drove over the pedestrian walkway and over sod on hospital property. (*Id.*). They argue that "[t]he video evidence supports Sergeant Duman's belief that Plaintiff may have caused damage by driving over the sod and walkway—an observation that, standing alone, justified the stop" and the subsequent citations resulted from the same conduct that was observed by Duman. (*Id.* at 2). Defendants assert that it is immaterial that Plaintiff's convictions are on appeal because he cannot show favorable termination of the proceedings and his retaliation and LEADS search theories are irrelevant to whether probable cause existed. (*Id.* at 3).

As Defendants argue, the existence of probable cause impacts each of Plaintiff's claims. First, to succeed on a Fourth Amendment malicious prosecution claim, a plaintiff must prove: (1) the defendant made, influenced, or participated in the decision to prosecute the plaintiff; (2) *there was no probable cause for the prosecution;* (3) as a consequence of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from the initial arrest; and (4) the criminal proceeding was resolved in the plaintiff's favor. *France*, 836 F.3d at 625 (emphasis added). If there is no constitutional violation, any municipal liability claims necessarily fail. *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007). Malicious prosecution under Ohio law "requires proof of three essential elements: (1) malice in instituting or continuing the prosecution, (2) *lack of probable cause*, and (3) termination of the prosecution in favor of the accused." *Froehlich v. Ohio Dep't of Mental Health*, 2007-Ohio-4161, ¶ 10 (quotation marks omitted). And "[t]he presence of probable cause to arrest generally defeats a First Amendment retaliatory arrest claim."

*Grady v. Cratsenburg*, No. 25-1321, 2026 WL 800415, at \*6 (6th Cir. Mar. 23, 2026) (citing *Nieves v. Bartlett*, 587 U.S. 391, 405 (2019)).

"Probable cause is a 'low bar.'" *Frenchko v. Monroe*, 160 F.4th 784, 796 (6th Cir. 2025). It "exists when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person in believing that the suspect has committed, is committing or is about to commit an offense." *France*, 836 F.3d at 626. "An objective, not a subjective, standard applies. The question is whether the observable circumstances justify an arrest; the officer's subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Barrera v. City of Mount Pleasant*, 12 F.4th 617, 620 (6th Cir. 2021); *see Lang v. City of Kalamazoo*, 744 F. App'x 282, 289 (6th Cir. 2018) ("If the circumstances, viewed objectively, support a finding of probable cause, the arrest is proper, irrespective of the officer's actual motives.").

Here, the undersigned agrees with Defendants that probable cause existed for Duman to stop Plaintiff's vehicle. The initial justification for the stop was criminal damaging, which is defined as knowingly causing or creating a substantial risk of physical harm to any property of another without the other person's consent. Ohio Rev. Code § 2909.06(A). The video evidence attached to Defendants' answer shows Plaintiff driving over a narrow path that is not wide enough for a vehicle. The vehicle veers off of the path at least once, with its tires appearing to go over the grass. This is sufficient to satisfy the low bar of probable cause. It is irrelevant that Plaintiff was ultimately charged with obstructing justice rather than criminal damaging. *See Devenpeck v. Alford*, 543 U.S. 146, 153-54 (2004) (rejecting "[t]he rule that the offense establishing probable cause must be 'closely related to, and based on the same conduct as, the offense identified by the arresting officer at the time of arrest"). This is because "[e]venhanded law enforcement is best

8

achieved by the application of objective standards of conduct, rather than standards that depend upon the subjective state of mind of the officer." *Id.*

Because probable cause existed, Plaintiff's federal and state malicious prosecution claims, his First Amendment retaliation claim, and *Monell* liability claim all fail. Thus, it is recommended that Defendant's motion for judgment on the pleadings be granted and the claims in the amended complaint be dismissed.

### B. Plaintiff's Motion for Partial Summary Judgment

Plaintiff seeks "partial summary judgment on the discrete issue of whether Defendant's employee, Protective Service Officer Duman S-14, had probable cause to initiate a traffic stop, detain, and arrest Mr. Boyd on March 13, 2025 for 'Criminal Damaging.'" (ECF No. 14 at 1). Plaintiff argues Duman stopped him based on "suspicion … the Vehicle traveling on the stone and gravel pavement may of caused damage to the grass," but aerial video of Summa's property establishes the trajectory of Plaintiff's vehicle and the trajectory of the tire tracks in the grass. (*Id.* at 2-3). He asserts that Duman stopped him "without more than the suspicion the vehicle may of caused damage to the adjacent grass" such that probable cause did not exist. (*Id.* at 3-4).

The undersigned has already determined that Duman had probable cause to support the stop. None of Plaintiff's arguments in support of partial summary judgment alter this conclusion. Probable cause is a low bar that merely requires an officer to have knowledge of facts and circumstances to support a belief that the suspect was, is, or was about to engage in criminal conduct. *Frenchko*, 160 F.4th at 796; *France*, 836 F.3d at 626. Contrary to Plaintiff's arguments, the dashcam footage from Duman's vehicle shows that Plaintiff's vehicle was wider than the concrete path and that it veered off the pathway at least once, such that Duman had probable cause to believe that Plaintiff engaged in criminal damaging. The fact that the prosecutor ultimately

decided not to pursue the charges or that subsequent investigation may have indicated that actual damage did not occur does not alter that the facts known to Duman at the time of the stop amounted to probable cause.

Accordingly, it is recommended that Plaintiff's motion for summary judgment be denied.

## V.      Recommendation

Because probable cause existed for the traffic stop and the existence of probable cause defeats each of the claims in the amended complaint, I recommend that Defendants' motion for judgment on the pleadings (ECF No. 15) be granted, Plaintiff's motion for partial summary judgment (ECF No. 14) be denied, and the claims in the amended complaint be dismissed.

Dated: April 24, 2026

s/ *Carmen E. Henderson*
CARMEN E. HENDERSON
U.S. MAGISTRATE JUDGE

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F. 3d 520, 530-31 (6th Cir. 2019).

10