**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EZEKIEL J. BOYD, JR., | ) | CASE NO.: 5:25-cv-1544 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| SUMMA HEALTH, et al., | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the Court on objections filed by Plaintiff Ezekiel Boyd to the

Report and Recommendation ("R&R") of the Magistrate Judge. Doc. 21.  The Magistrate Judge

issued an R&R in this matter recommending that the Court grant Defendant's motion for judgment

on the pleadings and dismiss the amended complaint. Plaintiff objected to the R&R (Doc. 22) and

Defendant's responded (Doc. 23). The Court now resolves the objections.

District courts conduct *de novo* review of those portions of a magistrate judge's R&R to

which specific objections are made. 28 U.S.C. § 636(b)(1). Here, the parties appear to agree that

the dispositive issue is whether probable cause existed to stop and detain Boyd for criminal

damaging on March 13, 2025.  In resolving this issue, the R&R properly set out the standard for

establishing probable cause:

> "Probable cause is a 'low bar.'" *Frenchko v. Monroe*, 160 F.4th 784, 796 (6th Cir.
> 2025). It "exists when the facts and circumstances within the officer's knowledge
> are sufficient to warrant a prudent person in believing that the suspect has
> committed, is committing or is about to commit an offense." *France*, 836 F.3d at
> 626. "An objective, not a subjective, standard applies. The question is whether the

1

> observable circumstances justify an arrest; the officer's subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Barrera v. City of Mount Pleasant*, 12 F.4th 617, 620 (6th Cir. 2021); *see Lang v. City of Kalamazoo*, 744 F. App'x 282, 289 (6th Cir. 2018) ("If the circumstances, viewed objectively, support a finding of probable cause, the arrest is proper, irrespective of the officer's actual motives.").

Doc. 21 at 8. The R&R then went on to find that Boyd driving on a pedestrian path that was not wide enough to accommodate a vehicle and veering into the grass around the walkway was sufficient to establish probable cause. In so doing, the R&R noted that there was no dispute over Boyd's conduct as it was captured by video surveillance.

In his first objection, Boyd asserts that "[t]he Magistrate Judge Erred by Failing to Establish a Nexus Between the Observed Facts and the Specific Statutory Elements of Ohio Rev. Code § 2909.06." Doc. 22 at 2. Boyd seems to suggest that the R&R failed to analyze whether him driving over grass created a substantial risk of physical harm to the property. This Court agrees with the R&R that driving a vehicle over a landscaped area creates a substantial risk of harm to the grass. Contrary to Boyd's assertions, an officer need not *prove* that harm occurred. Rather, the correct standard is whether a prudent person with knowledge of Boyd's conduct would believe that had committed criminal damaging. That standard was satisfied when he drove a vehicle on a walkway and veered into the grass.

Boyd's remaining objections simply repackage these same arguments under different titles. He appears to insist that a more thorough analysis is necessary for the Court to determine that probable cause existed. However, it is unclear what further analysis Boyd believes could be conducted. Boyd drove in an area where vehicles were not allowed and drove onto grass – any commonsense review of those facts supports the conclusion that he created a substantial risk of physical harm to the property. Accordingly, Boyd's objections are overruled.

2

For these reasons, Boyd's objections are OVERRULED.  This R&R is ADOPTED IN WHOLE.  Defendants' motion for judgment on the pleadings (Doc. 15) is GRANTED. Judgment on the amended complaint is hereby entered in favor of Defendants.  Boyd's motion for partial summary judgment (Doc. 14) and motion for sanctions (Doc. 16) are DENIED for the same reasons – probable cause existed to support his detention and arrest.

**IT IS SO ORDERED.**

Dated: June 18, 2026

_/s/ John R. Adams_
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

3